UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA

        -against-                        87 Cr. 16-002(RWS)

                                                SENTENCING
VENTURA RECHIEZ-SANTANA,            OPINION

                Defendant.

-------------------------------------X

**Sweet, D.J.**

On December 23, 2016, Ventura Rechiez-Santana ("Rechiez-Santana" or the "Defendant") allocuted to one count of intentional possession of cocaine in violation of 21 U.S.C. § 844(a).

For the reasons set forth below, Rechiez-Santana will be sentenced to time served followed by one year supervised release, subject to the scheduled sentencing hearing on April 24, 2017. The Defendant is also required to pay a special assessment of $25.

**Prior Proceedings**

On March 2, 1987, Rechiez-Santana was named in a two-count indictment (the "'87 Indictment") filed in the Southern

1

District of New York that charged the Defendant, and others, with one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). On March 2, 1987, the Defendant failed to appear at trial and a bench warrant was issued for his arrest.

On September 4, 2016, Rechiez-Santana was arrested in the Southern District of Texas and charged with illegal entry in violation of 18 U.S.C. § 1325(a)(1). The Defendant pled guilty that same day and, after ten days' imprisonment, was transferred to the Southern District of New York for the 1987 warrant.

On December 23, 2016, the Defendant was named in a one-count superseding information (the "Information") filed in the Southern District of New York. Count One charged Rechiez-Santana with one count of intentional possession of cocaine in violation of 21 U.S.C. § 844. That same day, the Defendant appeared before this Court and pled guilty to the Information's one count. Rechiez-Santana is scheduled to be sentence on April 24, 2017 and is currently the subject of removal proceedings.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

3

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to offense conduct. These facts are summarized, in brief, below.

4

On the afternoon of November 6, 1986, Rechiez-Santana met with Yousef Benjamin ("Benjamin") and Jose Oscar Jimenez ("Jimenez"), both co-defendants in the '87 Indictment, along with a confidential informant ("CI"), in Jimenez's car to complete a drug sale with undercover officers arranged earlier that day by Benjamin and the CI. After Rechiez-Santana showed the CI a plastic package the Defendant claimed was cocaine, the CI informed the undercover officers, at which point Rechiez-Santana, Benjamin, and Jimenez were arrested. The officers recovered the plastic package, which had been dropped underneath the car by Rechiez-Santana. The plastic package tested positive for cocaine.

Rechiez-Santana was indicted under the '87 Indictment on January 8, 1987. After being released on bail, the Defendant failed to appear for trial on March 2, 1987 and remained a fugitive until his arrest in the Southern District of Texas on September 4, 2016.

**The Relevant Statutory Provisions**

The maximum term of imprisonment for Count One, pursuant to 21 U.S.C. § 844(a) is one year imprisonment, assuming the defendant has committed no prior offense under that

statute. If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3).

Because the instant offense is a Class A misdemeanor, the Defendant is eligible for probation for a term of not less than one year or more than five years. 18 U.S.C. § 3561(c)(2).

The statutory fine range for the instant offense is $1,000, provided the defendant has committed no prior offense under that statute, pursuant to 21 U.S.C. § 844(a), and up to a maximum of $100,000, pursuant to 18 U.S.C. § 3571. A special assessment of $25 is mandatory. 18 U.S.C. § 3013.

**The Guidelines**

The 2016 edition of the United States Sentencing Commission Guidelines Manual, incorporating all guideline amendments, has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 844(a) offenses is found in U.S.S.G. § 2D2.1 of the guidelines. Because the offense

6

involves cocaine, the base offense level is 6. U.S.S.G. § 2D2.1(a)(4).

As the Defendant failed to appear in court as ordered for a judicial proceeding, he willfully obstructed justice, increasing his offense level two levels. U.S.S.G. § 3C1.1.

Based on his plea allocution, the Defendant has demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).

Therefore, Rechiez-Santana's resulting adjusted offense level is 6.

On September 4, 2016, Rechiez-Santana was convicted of illegal entry and sentenced to ten days' incarceration. Pursuant to U.S.S.G. § 4A1.1(c), this conviction warrants one criminal history point.

Based on a total offense level of 6 and a criminal history score of I, the Guidelines range for imprisonment is 0 to 6 months.

If supervised release is sentenced, the Guidelines range is one year, pursuant to U.S.S.G. § 5D1.2(a)(3). If a sentence of imprisonment of one year or less is imposed, however, a term of supervised release is optional. U.S.S.G. § 5D1.1(b).

Because the applicable Guidelines range is within "Zona A" of the Sentencing Table, the Defendant is eligible for probation as an alternative to a sentence of imprisonment, pursuant to U.S.S.G. § 5B1.1(a)(1). If the Court imposes probation, pursuant to U.S.S.G. § 5B1.2(a)(1), the term must be more at least one year but not more than five years.

The Guidelines fine range for this offense is $1,000 to $5,000. U.S.S.G. §§ 5E1.2(c)(3), 5E1.2(h)(1).

Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement

costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $88.00, a monthly cost of $2,665.00, and an annual cost of $31,976.00 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), the Court will issue a Guidelines sentence.

**The Sentence**

For the instant offenses, Rechiez-Santana shall be sentenced to time served, followed by one year supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Not use any unlawful controlled substance. The Defendant shall submit to one drug test within 15 days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

(5) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant is to obey all immigration las and comply with the directives of immigration authorities.

(2) The Defendant shall report to the nearest Probation Office within 72 hours of release from custody.

(3) Defendant shall submit his person, residence, place of business, vehicle, and any other property or electronic devices under his control to a search on the basis that the probation officer has reasonable

10

suspicion that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(4) Defendant is to be supervised by his district of residence.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), and pursuant to U.S.S.G. § 5E1.2(a), it does not appear that Rechiez-Santana is able to pay a fine, and therefore the fine in this case shall be waived. A special assessment of $25, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for April 24, 2017.

It is so ordered.

**New York, NY**
**April 18, 2017**

_____
ROBERT W. SWEET
U.S.D.J.

11